# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br> v.<br><br>S.F. GONZALEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO: 1:11-cv-01269-GBC (PC)<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN THIRTY DAYS<br><br>Docs. 1 & 7 |

On August 1, 2011, Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 6, 2011, Plaintiff filed a motion to proceed in forma pauperis. Doc. 6. On August 7, 2011, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 7.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed has three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

1  requires the Court to conduct a "careful examination of the order dismissing an action, and other
2  relevant information," to determine if, in fact, "the action was dismissed because it was frivolous,
3  malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1121.

4      The Court takes judicial notice of the following cases which count as strikes: 1) *Manago v.*
5  *Myers*, 3:90-cv-20256-MHP (N.D. Cal.) (dismissed October 9, 1991 for failure to state a claim); 2)
6  *Manago v. Marshall*, 3:94-cv-01528-MHP (N.D. Cal.) (dismissed March 25, 1998 for failure to state
7  a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and 3) *Manago v. Gulare*,
8  1:99-cv-05525-REC-SMS (E.D. Cal.) (dismissed March 17, 2000, for failure to state a claim).

9      Plaintiff has three or more strikes which occurred before Plaintiff filed this action on August
10 1, 2011. Thus, Plaintiff is subject to section 1915(g), which precludes him from proceeding in forma
11 pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical
12 injury. In Plaintiff's complaint, he alleges retaliation, false gang validation, conspiracy, and
13 infringements on his rights to jailhouse lawyering and association. Pl. Compl. at 20-24, Doc 1.
14 Plaintiff fails to make a "plausible allegation" that he faced imminent danger of serious physical
15 injury at the time he filed his complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).
16 Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and
17 revocation of Plaintiff's in forma pauperis status is appropriate. *Silva v. Di Vittorio*, 658 F.3d 1090
18 (9th Cir. 2011).

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

    Based on the foregoing, the Court HEREBY ORDERS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);
2. To VACATE the Court's order on August 31, 2011, directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;
3. That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF); and
4. That Plaintiff pay the $350.00 filing fee in full within thirty (30) days or this action will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:     December 22, 2011

                                            UNITED STATES MAGISTRATE JUDGE