# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEWART MANAGO, | CASE NO: 1:11-cv-01269-GBC (PC) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | Doc. 10 |
| S.F. GONZALEZ, et al., | |
| Defendants. | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE |

**I. Procedural Background**

On August 1, 2011, Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On December 22, 2011, the Court revoked Plaintiff's in forma pauperis status pursuant to the three strike provision under 28 U.S.C. § 1915(g) and ordered Plaintiff to pay the $350.00 filing fee within thirty days. Doc. 9. On December 30, 2011, Plaintiff filed a motion for reconsideration, alleging that he qualifies for the imminent danger exception. Doc. 10.

**II. Legal Standard for Rule 60(b) Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

### III. Imminent Danger Exception to Three Strikes Provision

The order revoking Plaintiff's in forma pauperis status found that Plaintiff had three or more strikes, which occurred before Plaintiff filed this action on August 1, 2011. Doc. 9. Plaintiff does not dispute that he has three "strikes" but contends he qualifies for the imminent danger exception under § 1915(g). Pl. Mot. Recons. at 3, Doc. 10. The three strikes provision precludes Plaintiff from proceeding in forma pauperis unless he was, at the time of filing the complaint, under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In Plaintiff's complaint, he alleges retaliation, false gang validation, conspiracy, and infringements on his rights to jailhouse lawyering and association. Pl. Compl. at 20-24, Doc 1. From these allegations, the Court found that Plaintiff failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint. Doc. 9; *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In Plaintiff's motion for reconsideration, he contends that his false gang validation qualifies him for the imminent danger exception. Pl. Mot. Recons. at 3, Doc. 10. Plaintiff states that he could be housed with a rival gang member. *Id.* Plaintiff attached exhibits from 2004 through 2009 to prove that he is a member of the Project Watt Crips gang. *Id.* at 3 & 8-59.

"[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible . . . allegations that the ongoing practice has produced past harm. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)

('Courts ... deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.'); *Martin v. Shelton*, 319 F.3d 1048, 1048 (8th Cir. 2003) (refusing to find an 'imminent danger' based on 'conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme [weather] conditions despite his blood pressure condition')." *Andrews*, 493 F.3d at 1057 n.11.

Plaintiff's vague allegation that he could be housed with a rival gang member due to "false gang validation" is not imminent danger. A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. *McNeil v. U.S.,* 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001) and *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague and conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger standard. *White*, 157 F.3d at 1231. *See Beeson v. Copsey*, 2011 WL 4948218 (D. Idaho Oct. 17, 2011) (plaintiff's allegations of "prison violence, reprisal, gov-action, loss of const. rights" as "vague, non-specific allegations [that] are insufficient to show imminent danger"); *see also Pauline v. Mishner*, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); *Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) ("[plaintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Therefore, in the Court's order revoking Plaintiff's in forma pauperis, the Court correctly found that Plaintiff's allegations of retaliation, false gang validation, conspiracy, and infringements on his rights to jailhouse lawyering and association failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his complaint. *See* Pl. Compl. at 20-24, Doc 1; *see also* Order Revoking IFP at 2, Doc. 9; *Andrews*, 493 F.3d at 1055.

### IV. Conclusion

The Court previously ordered Plaintiff to submit the $350.00 filing fee within thirty days or the action would be dismissed, without prejudice. Doc. 9. More than thirty days have passed, and Plaintiff has not paid the filing fee.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's order revoking his in forma pauperis status is DENIED;

2. This action is DISMISSED, without prejudice, for Plaintiff's failure to pay the filing fee;

3. The Clerk of the Court is directed to close this action; and

4. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated:     February 9, 2012                                                   _____
                                                                                        UNITED STATES MAGISTRATE JUDGE