# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>              Plaintiff,<br><br>    v.<br><br>GONZALEZ, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:11-cv-01269-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION FOR LACK OF JURISDICTION and DISREGARDING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING CCI PRISON OFFICIALS TO MAKE COPIES OF PLAINTIFF'S INDEX OF EVIDENCE AS MOOT<br><br>(Docs. 20, 21) |

      Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Complaint on August 1, 2011.  (Doc. 1.)

      Initially, Plaintiff's application to proceed in forma pauperis was granted.  (Docs. 2, 4, 6, 7.)  Subsequently, his in forma pauperis status was revoked and the case was dismissed without prejudice for Plaintiff's failure to pay the filing fee in full and judgment was entered.  (Docs. 9, 12, 13.)  Plaintiff filed an appeal on February 27, 2012.  (Doc. 14.)  Remand was requested and granted per Federal Rule of Appellate Procedure 12.1.  (Doc. 18, 22.)  Plaintiff filed both his motion for preliminary injunction and for an order directing CCI officials to make copies for him (which are the subject of this order) on May 11, 2012.  (Docs. 21, 22.)  However, the Order remanding his appeal to the district court was not entered until June 18, 2012.  (Doc. 23.)  On June 20, 2012, this Court issued an order vacating the order denying Plaintiff's motion for

reconsideration, vacating the order revoking Plaintiff's in forma pauperis status, vacating judgment, and allowing Plaintiff to proceed in forma pauperis. (Doc. 24.) Subsequently, on September 6, 2012, Plaintiff's notice of appeal was dismissed for lack of jurisdiction. (Doc. 25.) On September 14, 2012, another action which Plaintiff had filed in this court (1:12-cv-00488-DLB) was consolidated with this action. (Doc. 26.) On October 1, 2012, the Mandate of the United States Court of Appeals issued and the judgment of that Court, entered September 6, 2012 took effect. (Doc. 27.) Plaintiff's allegations[1] were recently screened and dismissed with leave to amend for failure to state any cognizable claims. (Doc. 29.)

In his motion for preliminary injunction, Plaintiff requests: (1) expungement from his "C" File of the false, unreliable, and insufficient information used to validate his active association with the Black Gorilla Family ("BGF") prison gang; (2) that he be transferred to a medical facility to receive proper mental health treatment for the sexual harassment and sexual assault he sustained; (3) that CDCR officials be prohibited from transferring Plaintiff to other prison where he might be placed in unlawful danger by Green-Wall members and/or Inmate Task Force ("ITF") inmates within CDCR; (4) that CDCR staff be prohibited from reading any of Plaintiff's "confidential legal materials" relating to pending litigation without a court order to do so; and (5) that Defendants be ordered to cease their threats and retaliatory acts toward Plaintiff. (Doc. 20, TRO, 7:4-8:8.)

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

---

[1] Both the Complaint Plaintiff filed in this action and that which he filed in 1:12-cv-00488-DLB were screened and found not to state cognizable claims.

must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

At this stage, while Plaintiff may be able to state a claim upon which relief may be granted, he has not yet done so and there is no actual case or controversy before the Court. Thus, the Court lacks the jurisdiction to issue the orders Plaintiff seeks at this time. Summers v. Earth Island Institute, 555 U.S. 488, 449 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).

However, even if he had stated a cognizable claim, Plaintiff would not be entitled to the relief that he seeks for the reasons discussed herein below.

        (1) expungement of the allegedly false, unreliable, and insufficient information from his "C" File

While he seeks expungement from his "C" File of the false, unreliable, and insufficient information used to falsely validate his active association with the BGF prison gang, Plaintiff neither requested any such expungement, nor identified a named defendant with the capacity to perform this act in his allegations. The pendency of this action does not give the Court jurisdiction over prison officials in general; rather the Court's jurisdiction is limited to the parties in this action and to any viable legal claims that Plaintiff is able to state. Summers, 555 U.S. at 492-94; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Since Plaintiff's pleadings neither sought expungement of his C-File, nor identified any named defendant with the capacity to perform this task, this requested injunctive relief is beyond the Court's jurisdiction in this case at this time.

/ / /

/ /

    (2) and (3) <u>transfer to a medical facility and prohibition of transfer to a facility where he may be placed in danger</u>

Even if Plaintiff had stated cognizable claims, this request could not be granted as prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).

    (4) <u>that CDCR Prison Staff be prohibited from reading any of Plaintiff's "confidential legal materials"</u>

Plaintiff fails to describe both who he intended by "CDCR Prison Staff" and what he intended by "confidential legal materials." To the extent that Plaintiff intended this request to be directed at legal mail sent to him, prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. *See* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576-7 (1974); <u>Sherman v. MacDougall</u>, 656 F.2d 527, 528 (9th Cir. 1981). Further, in <u>Wolff v. McDonnell</u>, the Supreme Court noted that inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. <u>Id</u>. at 577. The issue of whether prison officials may also, consistent with the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner has not been decided by the Supreme Court or by the Ninth Circuit. In <u>Wolff v. McDonnell</u>, the legal mail at issue was sent to respondent from his own attorney and such correspondence is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." <u>Id.</u> at 1094 (*citing* <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir. 1987)). Thus, the remedy it appears Plaintiff is requesting cannot be granted. Further, if Plaintiff intended his "confidential legal materials" to describe his own property and/or documents such as legal research materials, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's property issues. <u>Summers</u>, 555 U.S. at 492-94; <u>Mayfield</u>, 599 F.3d at 969.

/ / /

/ /

       (5) <u>Cessation of retaliatory acts and threats toward Plaintiff</u>

There are other avenues available for Plaintiff to pursue any cognizable claims he may have for unconstitutional retaliation that occur subsequent to the events at issue in this action. However, verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

Since the Court lacks jurisdiction to grant the preliminary injunctive relief that Plaintiff seeks, his request for copies in support of his motion for preliminary injunction is rendered moot.

Given that Plaintiff's pleadings have been dismissed with leave to amend for failure to state a cognizable claim, his request for preliminary injunction, filed May 11, 2012 (Doc. 20), is DENIED without prejudice for lack of jurisdiction and his motion for copies of his index of evidence, filed May 11, 2012 (Doc. 21), is DISREGARDED as moot.

IT IS SO ORDERED.

**Dated:   January 2, 2013**　　　　　　　　　　　　　/s/ Sandra M. Snyder
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE