# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | CASE NO. 1:11-cv-01269-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 35) |
| GONZALEZ, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on August 1, 2011. (Doc. 1.) The Complaint was screened and dismissed with leave to amend since it failed to state any cognizable claims. (Doc. 29.) On January 7, 2013, Plaintiff filed a motion for appointment of counsel. (Doc. 35.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) *citing* Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 *quoting* Weygant v. Look,

1  718 F.2d 952, 954 (9th Cir. 1983) (emphasis in original).  "Neither of these considerations is
2  dispositive and instead must be viewed together."  Palmer, 560 F.3d at 970, *quoting* Wilborn 789
3  F.2d at 1331.
4        In the present case, the Court does not find the required exceptional circumstances.  Even
5  if it is assumed that Plaintiff is not well versed in the law and that he has made serious
6  allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is
7  faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
8  cannot make a determination that Plaintiff is likely to succeed on the merits,[1] and based on a
9  review of the record in this case, the Court does not find that Plaintiff cannot adequately
10 articulate his claims.  Id.
11       For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
12 DENIED, without prejudice.
13
14 IT IS SO ORDERED.
15 **Dated:   January 13, 2013**                         /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff's original Complaint was screened and dismissed for failure to state a cognizable claim, the Court has not yet screened Plaintiff's First Amended Complaint to determine whether it states any cognizable claims for relief.  28 U.S.C. § 1915A.  The Court has many civil cases pending before it and will screen Plaintiff's First Amended Complaint in due course.