# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GONZALEZ, et al.,<br><br>　　　　Defendant.<br>_____/ | 1:11-cv-01269-SMS (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY <u>HECK v. HUMPHRY</u>, 512 U.S. 477 (1994).<br><br>(Doc. 34)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on August 1, 2011. (Doc. 1.) The Complaint was screened and dismissed with leave to amend since it failed to state any cognizable claims. (Doc. 29.) On January 7, 2013, Plaintiff filed the First Amended Complaint. (Doc. 34.) In the First Amended Complaint, Plaintiff alleges that the false gang validation (as a member of the Black Gorilla Family "BGF") which forms the basis of this entire action "changed Plaintiff's release date from June 20, 2013 to October 2016. " (Doc. 34, p. 21.) Plaintiff seeks both damages and expungement of the false gang validation from his C-File. (<u>Id.</u>, at pg. 25.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the

1  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
2  invalid by a state tribunal authorized to make such determination, or called into question by a
3  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512
4  U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or
5  sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

6       The First Amended Complaint does not contain any allegations to show that the gang
7  validation, which he alleges is false and retaliatory, has been reversed, expunged, declared
8  invalid, or called into question by a writ of habeas corpus.

9       Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of
10 service of this order, Plaintiff shall show cause in writing why this action should not be
11 dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

12 **The failure to respond to this order will result in dismissal of this action, without**
13 **prejudice.**
14 IT IS SO ORDERED.
15 **Dated:    February 27, 2013**            /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE