# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>        Plaintiff,<br><br>    v.<br><br>GONZALES, et al<br><br>        Defendants. | Case No.  1:11-cv-01269-SMS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ALTERATION OF JUDGMENT/RECONSIDERATION**<br><br>**(Docs. 33, 37)** |

   Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint on August 1, 2011.  (Doc. 1.)  It was screened and dismissed with leave to amend for failure to state a cognizable claim ("the Screening Order").  (Doc. 29.)  Subsequent to screening and dismissal of the Complaint, Plaintiff's motion for preliminary injunction (Doc. 20) was denied for lack of jurisdiction and his motion requesting an order directing CCI prison officials to make copies of his index of evidence (Doc. 21) was denied as moot.  (Doc. 30.)  Plaintiff then filed a motion (Doc. 33) for alteration of judgment on the Screening Order (Doc. 29) and a second motion (Doc. 37) on the order which denied his requests for preliminary injunction and for copies of his index of evidence (Doc. 30).  The orders that Plaintiff attacks are not judgments subject to alteration under Federal Rule of Civil Procedure 59.  Both of these motions are properly construed as motions for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration of the Screening Order ("First Motion") is his disagreement with the Court's screening decision and application of the law to his Complaint. Plaintiff has not shown clear error or other meritorious grounds for relief and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the Screening Order. Westlands Water Dist., 134 F.Supp.2d at 1131.

Further, in his First Motion, Plaintiff requests that, since he has filed an amended complaint and cured the deficiencies in his original pleading, an order issue "to show cause on Plaintiff's preliminary injunction, and other [sic] that CCI prison officials make copies of Plaintiff's index evidence, to be send [sic] to this court, because index evidence is the evidence in support of said motion for preliminary injunction." (Doc. 33, p. 4.) Thus, it appears that though Plaintiff directed the First Motion to the Screening Order in the caption, he actually intended for it

to challenge the order denying both preliminary injunctive relief and copies of his index evidence. Regardless which of order his First Motion was directed, Plaintiff fails to show newly discovered evidence, clear error, or an intervening change of controlling law upon which his First Motion might be granted.

In his motion (Doc. 37) ("Second Motion") on the Order which denied his requests for preliminary injunction and for copies of his index of evidence (Doc. 30), Plaintiff seeks the same relief as that he requested in his request for preliminary injunction: (1) expungement from his "C" File of the false, unreliable, and insufficient information used to validate his active association with the Black Gorilla Family ("BGF") prison gang; (2) that he be transferred to a medical facility to receive proper mental health treatment for the sexual harassment and sexual assault he sustained; (3) that CDCR officials be prohibited from transferring Plaintiff to another prison where he might be placed in unlawful danger by Green-Wall members and/or Inmate Task Force ("ITF") inmates within CDCR; (4) that CDCR staff be prohibited from reading any of Plaintiff's "confidential legal materials" relating to pending litigation without a court order to do so; and (5) that Defendants be ordered to cease their threats and retaliatory acts toward Plaintiff. (Doc. 20, TRO, 7:4-8:8; Doc. 37, Mot for Alteration, pp. 1-2.)

In the Second Motion, Plaintiff states the danger of his circumstance being a member of one gang who is validated as a member of an enemy gang (parallel to the allegations in his pleadings) and reiterates holdings of a number of cases – none of which amount to intervening change of controlling law. Plaintiff fails to show clear error or other meritorious grounds for relief and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. As previously stated, Plaintiff's mere disagreement with the ruling is not sufficient grounds for reconsideration. Westlands Water Dist., 134 F.Supp.2d at 1131.

Further, the purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). In a declaration in response to an order to show cause why

this action is not barred by Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff indicated that the injunctive relief he seeks regarding his false prison gang validation is that it be removed from his C-File concerning BGF status *after* he proves his case and wins in the trial of this matter.[1] (Doc. 39, Resp. to OSC, p. 16.) Thus, it appears that Plaintiff intends to seek expungment of the allegedly false gang validation from his C-File *after* full adjudication of this action, rather than via preliminary injunction. As addressed in the Order to Show Cause (Doc. 38), if Plaintiff were to obtain expungment during the pendency of this action and if such expungment necessitated his earlier release (as implied by the allegations in the First Amended Complaint), this action would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motions for Alteration of Judgment, filed January 7, 2013 (Doc. 33) and January 17, 2013 (Doc. 37), are DENIED.

IT IS SO ORDERED.

Dated:   **April 10, 2013**                              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take judicial notice of court records. United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008); United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004).