# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>              Plaintiff,<br><br>    v.<br><br>GONZALES, et al<br><br>              Defendants. | **Case No.  1:11-cv-01269-SMS (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING PLAINTIFF'S MOTION/REQUEST FOR JUDICIAL NOTICE**<br><br>**(ECF Nos. 38, 39)** |

Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on August 1, 2011. (ECF No. 1.) The Complaint was screened and dismissed with leave to amend for failure to state any cognizable claims. (ECF No. 29.) On January 7, 2013, Plaintiff filed the First Amended Complaint ("1st AC"). (ECF No. 34.) In the 1st AC, Plaintiff alleges that the false gang validation (as a member of the Black Gorilla Family (BGF) which this action appears based on) "changed Plaintiff's release date from June 20, 2013 to October 2016." (ECF No. 34, p. 21.) In the 1st AC, Plaintiff seeks both damages and expungment of the false gang validation from his C-File. (Id., at p. 25.)

If Plaintiff were to obtain expungment during the pendency of this action and if such expungment necessitated his earlier release (as implied by the allegations in the 1st AC), this action would be barred. Heck v. Humphrey, 512 U.S. 477 (1994). Consequently, an order issued

1

for Plaintiff to show cause ("the OSC") why this action should not be dismissed.  (ECF No. 38.) Plaintiff filed a timely response entitled "Plaintiff's Request for Judicial Notice in Support of his Motion to Show Cause Why This Action Should not be Dismissed . . ." ("OSC Response"). (ECF No. 39.)

When a prisoner raises a constitutional challenge which could entitle him to an earlier release his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 498 U.S. 1126 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id., at 487.  The OSC noted that the 1st AC did not contain any allegations to show that the gang validation, which Plaintiff alleges is false and retaliatory, has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

In the OSC Response, Plaintiff requested that judicial notice be taken of "Lira v. Cate, 2009 U.S. Dist. Lexis 91292 and Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003)."  (Id., at p. 2.)  Judicial notice is a mechanism for submission and consideration of a fact.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).

Plaintiff does not identify any *fact* within either Lira or Bruce that he desired to be

2

judicially noticed.  It appears that Plaintiff made this request to support his legal argument for not imposing Heck's bar and/or to support his desired outcome of this action.  However, proper use of either Lira or Bruce is only via citation to support Plaintiff's argument.  Plaintiff is allowed to and did submit legal citations in his OSC Response.  A ruling of a higher court is precedent for a lower court to follow, but a ruling from another District Court is not – though neither are facts subject to judicial notice.  Thus, Plaintiff's request for judicial notice of Lira and Bruce is properly denied.

In the OSC Response, Plaintiff argues that Heck's bar should not apply to this action since he has "already filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554, entitled Manago v. Cate, Case No. 1:11-cv-01172-[AWI-]BAM-HC." (Id., at p. 4.)  The findings and recommendations and the order adopting (ECF Nos. 26, 30) dismissed that action based on Plaintiff's procedural failure to exhaust state remedies which is not favorable to Plaintiff and does not equate to calling Plaintiff's validation as an associate of the BGF into question via writ of habeas corpus.  Thus, Plaintiff's filing under 28 U.S.C. § 2254 does not, in and of itself, suffice to avoid the application of Heck's bar to this action.

Plaintiff also argues that the injunctive relief he seeks is that the false prison gang validation be removed from his C-File *after* the trial of this matter if he is successful, (ECF No. 39, Resp. to OSC, p. 16), and that he will be released from custody prior to the trial of this matter which would moot any hastening of his release that expungment might affect (id., at pg. 16).

There are exceptions to Heck's bar for Plaintiffs who are no longer in custody.  A § 1983 claim, which would otherwise be Heck barred, may be maintained where a remedy in habeas corpus is unavailable because of mootness.  *See* Spencer v. Kemna, 523 U.S. 1, 19, 21 (1998) concurring opinion adopted in Nonnett v . Small, 316 F.3d 872, 876 (9th Cir. 2002) *cert. denied* 540 U.S. 1218 (2004) (inmate who had served period of incarceration which was being attacked was allowed to proceed under § 1983).  However, an inmate's release from custody and

concomitant inability to overturn the prior conviction does not lift Heck's bar unless the inmate timely pursued habeas relief.  *See* Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006).  The law is less than clear whether dismissal of Plaintiff's petition under 28 U.S.C. § 2254 for failure to exhaust state remedies qualifies as timely pursuit of habeas relief.  Giving Plaintiff the pleading leniencies due a pro se inmate and without submission of evidence, *see* Barrett v. Belleque, 544 F.3d 1060 (9th Cir. 2008), the Court us unable to rule that this action does not fall within an exception to Heck's bar at this time.[1]

Finally, Plaintiff requests that his second cause of action and his requested injunctive relief be dismissed and he be allowed to proceed on his remaining claims if the court did not "agree" with Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001).  (Doc. 39, Resp. OSC, ¶ 58.)  While this Court does not disagree with the legal principles stated in Devereaux, it disagrees with Plaintiff's requested application of it to the present case as discussed in detail in the concurrently issued order screening the 1st AC.

Accordingly, it is HEREBY ORDERED that:

(1) the Order to Show Cause Why This Action Should not be Dismissed as Barred by Heck v. Humphry, 512 U.S. 477 (1994), issued February 28, 2013 (ECF No. 38), is DISCHARGED; and

(2) Plaintiff's Request for Judicial Notice in Support of his Motion to Show Cause Why This Action Should not be Dismissed, filed March 25, 2013 (ECF No. 39), is DENIED.

IT IS SO ORDERED.

---

[1] This order is not intended to operate as law of the case on this issue.  Rather, the Court is unable to determine whether Plaintiff's case is Heck barred on the evidence before it at this time.  Defendants will not be precluded from raising dispositive motions on this issue.

4

Dated: **June 2, 2013**              **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE