# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>GONZALES, et al<br><br>    Defendants. | Case No. 1:11-cv-01269-SMS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDING SCREENING ORDER**<br><br>**(ECF Nos. 42, 45)** |

    Plaintiff, Stewart Mango, ("Plaintiff") is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on August 1, 2011. (ECF No. 1.) It was screened and dismissed with leave to amend for failure to state a cognizable claim. (ECF No. 29.) Plaintiff filed the First Amended Complaint (ECF No. 34) which was screened and found to state a cognizable First Amendment retaliation claim against Defendants T. Turmezei, Adame, K. Sigston, T. Steadman, M. Bryant, and E. Stelfer and a claim for deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants T. Turmezei, Adame, J. Tyree, J. Gentry, and J. Gutierrez ("the Screening Order"). (ECF No. 42). On June 19, 2013, Plaintiff filed a motion seeking reconsideration under Federal Rule of Civil Procedure 60(B)(6) by attempting to show "that Defendants W. Gutierrez, A. Cantu, Gonzalez, Holland, Stainer, Jakabosky, Buehner, J. Gutierrez, Contreras, Gentry, Dunlay, Tyree, Franco, Smith, Soto, Samtpon, Ortiz, Webb, Powell, and Burris had knowledge of Plaintiff's protected activities to motivate their actions to meet the

1

1  threshold element of a retaliation claim." (ECF No. 45, Recon., pp. 1-2.)

2  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The basis for Plaintiff's motion for reconsideration of the Screening Order is his disagreement with the Court's screening decision and application of the law to his factual allegations. Plaintiff has not shown clear error or other meritorious grounds for relief and has therefore not met his burden as the party moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880. Plaintiff's disagreement with the Screening Order is not sufficient grounds for relief from it. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

However, one paragraph out of Plaintiff's 120 page motion for reconsideration (ECF No. 45, Recon., ¶ 36) illuminated an inference that can be tangentially extrapolated from paragraph number 36 of the First Amended Complaint (ECF No. 34) which was previously obfuscated by Plaintiff's pleading format.[1] Paragraph 36 of Plaintiff's motion for reconsideration revealed that

---

[1] As noted in the Screening Order, the format in which Plaintiff presented his First Amended Complaint was difficult

paragraph 36 of the First Amended Complaint was intended by Plaintiff, and in retrospect can indeed be extended to imply that the acts by Defendants W. Gutierrez and A. Cantu of releasing Plaintiff's confidential legal mail, investigative files, and personal property to Defendants T. Turmezei and Adame initiated the sequence of retaliatory events of which Plaintiff complains so as to make Plaintiff's retaliation claim cognizable against Defendants W. Gutierrez and A. Cantu. While it was not clear error for the Court not to have drawn the obscure and remote inference on screening that resulted in their dismissal, particularly given his pleading format, the Screening Order is amended, Plaintiff's retaliation claim is reinstated against Defendants W. Gutierrez and A. Cantu, and they are no longer terminated from this action. Thus, by separate order, service of process will be initiated on Defendants W. Gutierrez and A. Cantu.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on June 19, 2013 (ECF No. 45), is DENIED and the Order Directing Action to Proceed which issued on June 3, 2013 (ECF No. 42) is AMENDED to find that Plaintiff stated a cognizable retaliation claim against Defendants W. Gutierrez and A. Cantu.

IT IS SO ORDERED.

Dated: **July 28, 2013**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

---

to decipher, nay impossible to discern which factual allegations Plaintiff intended to support any of his delineated claims. (ECF No. 42, Screen O, 3:12-4:16.)