# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S.F. GONZALEZ, former warden; *et al.*,<br><br>　　　　Defendants. | Case No. 1:11-cv-01269-LJO-SMS<br><br>ORDER DENYING RECONSIDERATION OF ORDER DISMISSING CASE AS TO DEFENDANTS GUTIERREZ AND CANTU<br><br>(Doc. 87) |

Plaintiff Stewart Manago moves for reconsideration, pursuant to F.R.Civ.P. 59(e), of this Court's February 20, 2014 order dismissing this § 1983 civil rights case as to Defendants Gutierrez and Cantu[1] as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff maintains that, contrary to the Court's conclusions of law, his action for damages should stand despite the fact that favorable resolution of the only remaining claim in this case, that Plaintiff was erroneously validated as a BGF gang member in violation of his first amendment rights, would necessarily change the duration of Plaintiff's imprisonment.  The Court denies Plaintiff's reconsideration motion.

Since the factual and procedural background of this case was fully set forth in the Magistrate Judge's findings and recommendations, it will not be repeated here.  In summary,

---

[1] The other Defendants in this matter were dismissed by a December 11, 2013 order.  Doc. 66.

1

following screening, only one issue remained against Defendants W. Gutierrez and Cantu: whether Defendants Turmezei, Adame, Sigston, Steadman, Bryant, Stelfer, W. Gutierrez, and A. Cantu violated Plaintiff's First Amendment right by validating Plaintiff as a BGF member in retaliation for Plaintiff's filing of grievance complaints against staff and untoward prison conditions. Docs. 42 and 47. Plaintiff sought monetary damages and expungement of his allegedly false validation as a member of the BGF. Doc. 42. The gang validation, a disciplinary action, increased Plaintiff's term of imprisonment, delaying his anticipated release date from June 2013 to October 2016.

Because the requested expungement of the BGF gang validation would necessarily have shortened the term of Plaintiff's imprisonment and resulted in his immediate release, the only appropriate remedy was a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. If a prison disciplinary action "'aris[es] out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), *cert. denied,* 538 U.S. 960 (2003), *quoting Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), *quoting* 12 James Wm. Moore, Moore's Federal Practice § 59.30[4] (3d ed. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enterprises*, 229 F.3d at 890, *quoting 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff does not contend that reconsideration is merited based on new evidence or an intervening change in law. He merely reargues the dismissal motion, asserting that his request for an injunction ordering removal of his gang validation, is an exception the *Heck* bar. His argument

is incorrect. *Heck* bars a prisoner's suit under § 1983 whenever nullification of disciplinary procedures would result in a reduction of the length of the prisoner's confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005).

"[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Using a reconsideration motion to reargue the points that the judge rejected in the original order is improper. *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). A party cannot have relief merely because he or she is unhappy with the judgment. *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001).

Accordingly, Plaintiff's motion for reconsideration is hereby DENIED.

**SO ORDERED**
**Dated: May 29, 2014**

　　　　　　　　　　　　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　**United States District Judge**